NO. 7626.

LEOPOLD WOLFF.

VS

J. M. GOLDSMITH.

STATE OF LOUISIANA.

COURT OF APPEAL

PARISH OF ORLEANS.

7626

7626

## OPINION.

By his Honor John St. Paul.

Defendant was manager and general agent of a Life Insurnace Company, and plaintiff was a solicitor or special agent in his employ.

By the terms of the contract between them plaintiff was to receive in addition to his regular commission on first year premiums, certain other commissions on renewal premiums, conditioned however "that the Agent (plaintiff) remain continuously in the employ of the Manager (defendant)."

This is a suit for those other and additional premiums: and the defense is, that the plaintiff is no longer in the employ of defendant, having been discharged _for cause._

Whilst it is written in the contract that either party may terminate it at pleasure on seven days notice, it is not claimed by defendant that this right might be exercised ~~######~~ by him _without_ cause to the _prejudice_ of plaintiff's claims for the additional commissions aforesaid; and indeed, the last paragraph of section 14 of the contract seems to comtemplate that the defendant may not do so; since it provides that, "in case there shall be any question as to the violation of the conditions of this contract by the Agent at the date of the termination of this contract, the question shall be referred to the Company for its decission, and its decision shall be final."

So _that_ phase of the question does not present ~~###~~ itself here: and the only issue before us, is whether or not defendant had a _just_ cause for discharging plaintiff.

In this connection it is also written into the contract that, "if the Agent (plaintiff) fails to comply with any of the duties, conditions or obligations of this contract the Manager (defendant) may terminate same upon immediate notice." Which of course is nothing but the general law (as will hereafter appear).

50

The contract further provides that the Agent (plaintiff) shall be governed in the business of his agency by the instructions he may from time to time receive, orally or in writing, from the Manager (defendant); and by the written or printed rules of the Company." Which is also only the general law.

Now among the rules of the company (with which plaintiff was of course familiar) there is one which provides that, "All collections made by Agents xx must be turned over to xxx Managers the day they are made ." It was also well known to plaintiff that Special Agents were not authorized to collect premiums other than the first; and that the Company recognized no payment except in exchange for its official receipts, issued by the Home Office and entrusted only to General Agents and Managers.

Moreover the Manager (defendant) had repeatedly warned plaintiff, both orally and in writing, that he had no authority to collect renewal premiums, and should not do so; but that if he did so, he must remit the amount in the same day on which the collection was made."

Yet in spite of the well known rules of the Company, and of express and particular instructions from defendant, plaintiff nevertheless persisted in collecting renewal premiums, without the official receipts (which he did not have), and instead of remitting such collections on the same day, kept the same for periods as long as thirty days; with the consequence that the manager, having no knowledge of the payments, sent notices of delinquency in due course to the policy holders, who thereupon protested that they had paid through the agent (plaintiff).

This necessitated always a three cornered correspondence between the Manager, the Policy Holder and the Agent; which of course was unsatisfactory and exasperating to the two former, and brought friction between all three. In fine, defendant testifies that he feared, that as a result of this state of affairs his own position with the company was being jeopardized.

Accordingly he discharged the plaintiff.

The trial judge thought, and so do we, that defendant was fully justified in such a course. In his written reasons for judgment the learned judge summarizes the whole case thus: "The evidence clearly shows that this is a case in which the employer and the employee disagreed as to whether the business was to be run in the manner in which the employer wanted, or in the manner in which the employee wanted; and the defendant (the employer) would not stand for it."

For of course an employer has a right to make rules for the conduct of his business, which his employee is bound to obey; and a breach of such rules is just cause for a discharge.

The rule on this subject is thus laid down in the Cyclopedia of Law and Proceedure; "As a general proposition any act of a servant which injures, or has a tendency to injure, his masters business, interests or reputation, will justify his ######### dismissal. x x x A master is justified in discharging his servant for any breach of the express or implied conditions of the contract of employment." 26 Cyc 988, 989. (Verbo; Master and Servant)

In Vicknair vs Southside Plahtation Co, 10 Orleans Appeals 43, the court held that the refusal of an employee to obey an apparently reasonable order from his employer, amounted to a defiance of authority, and warranted his discharge.

In Kenner vs Southwestern Oil Co, 113 La 80, the Supreme Court said; "Disobedience of lawful and reasonable orders connected with his employment, affords just grounds for the discharge of an employee."

In this last case the grounds for discharge were, that the employee failed and refused to send daily reports of his sales when directed to do so, although no injury was shown to have resulted therefrom.

It is said the defendant condoned the acts of plaintiff because he accepted the belated payments, or charged them to plaintiffs account; and that he insisted that collections "if made" should be remitted the same day.

52

Of course a vigorous protest (such as defendant repeatedly made) against plaintiff making such collections, cannot ~~by any~~ ~~construction be so conditions~~ be construed into an acquiescence in that course, even if defendant did recognize a "fait accompli" and accepted the company's just dues through that irregular channel. But even conceding this to be, yet it is quite certain that defendant never for a moment acquiesced in plaintiff's failure to remit such collections the same day; for it was just that practice which defendant and the Company most strongly objected to. Had plaintiff observed that part of his instructions, the other matter might never have been complained of. But plaintiff would not have it so.

It is also claimed that defendant condoned plaintiff's acts by inviting him, just a few days before the discharge, to take part in a company rejoicing and banquet; of which defendant bore part of the expenses. This is not sound. The invitation was general, and doubtless issued to plaintiff as a mere matter of course, he being then still in the employ of defendant. Moreover that was to be an occasion of good feeling and freedom from business cares; and as the guests were not expected to bring their cares and grievances with them, still less was the host permitted to do so himself.

The judgment below was for the defendant, and it appears to us correct.

                                        Judgment Affirmed.

Dinkelspiel, J, recused.

New Orleans La, November 24th, 1919.